**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARIO ANTONIO POZO-DRANGUET,

Petitioner,

v.

J. JOHNSON, et al.,

Respondents.

CASE NO. 5:26-cv-04966-RGK-SK

**ORDER GRANTING UNOPPOSED HABEAS PETITION**

Petitioner Mario Antonio Pozo-Dranguet is a native and citizen of Cuba who has been subject to an administratively final order of removal to that country since 1986. But because the Cuban government had refused to accept Petitioner for repatriation, he was effectively out of ICE custody under an administrative order of supervision for decades. That changed in July 2025 when Petitioner was arrested and re-detained by ICE for removal to Cuba (after sustaining a drug conviction the year before). But in October 2025, the Cuban embassy again denied the Government's request for a travel document. Still, the Government refused to release Petitioner and, in January 2026, served him with a notice of third-country removal to Mexico. While Petitioner expressed fear of persecution or torture if removed there, an asylum officer found that claim not credible.

Around the same time, Petitioner sought release with a pro se petition under 28 U.S.C. § 2241. (*See* Case No. 5:26-cv-00146-RGK). As pertinent here, Petitioner claimed that his detention violated the Immigration and

Nationality Act under 8 U.S.C. § 1231(a)(6) because his detention had become prolonged with no significant likelihood of removal in the reasonably foreseeable future. At the time, though, Petitioner had not met his burden to show that removal to Mexico was unlikely in the foreseeable future. And because the Court found that Respondents had otherwise complied with third-country removal procedures, his petition was denied without prejudice in May 2026.

Another three months then passed with Petitioner still in ICE custody rather than removed from the country. Thus, on August 27, 2026, Petitioner filed another pro se habeas petition here, maintaining that his post-removal-order detention has become indefinite in violation of the Due Process Clause. The next day, on August 28, 2026, the Court gave notice of General Order 26-05, which (as pertinent here) "directs Respondents to show cause why the writ of habeas corpus should not be granted." (ECF 5 at 1). Under that General Order, Respondents must appear within three days of the petition's filing and answer the petition within seven days (unless otherwise stipulated or ordered). (*Id.* at 2). Yet as of this order, Respondents have neither timely appeared, much less answered the petition, as required by the General Order. Nor has the Court received any timely application or stipulation for more time to answer the petition.[1]

The Court thus construes the § 2241 petition as unopposed. Besides, Petitioner has now been in ICE custody since July 2025—and thus detained for more than a year—without having been removed from the country, whether to Cuba, Mexico, or elsewhere. Given Respondents' failure to answer the petition on top of that fact, the Court finds that Petitioner has

[1] The Court has been made aware generally that the United States Attorney's Office is adopting a practice or policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if the Government has no intent to oppose a given immigration habeas petition.

carried his burden to show that his removal from the country has become unconstitutionally indefinite. *See Zadvydas v. Davis*, 533 U.S. 678, 689-90 (2001).

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Petitioner MARIO ANTONIO POZO-DRANGUET (A# 244-36-616) is ordered released from ICE custody forthwith under an administrative order of supervision in compliance with 8 U.S.C. § 1231(a)(3) and the agency's regulations implementing that statute. Judgment in Petitioner's favor will be entered accordingly. Meanwhile, Petitioner's motion for appointment of counsel (ECF 2) is denied as moot.

IT IS SO ORDERED.

DATED: 9/10/2026

Gary Klausner

R. GARY KLAUSNER
United States District Judge